Filed 6/18/25  P. v. Lopez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>GUILLERMO LOPEZ,<br><br>    Defendant and Appellant. | G064161, G064206<br><br>(Super. Ct. No. 15CF0005)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed as to case number G064161 and dismissed as to case number G064206.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

In 2017, a jury convicted Guillermo Lopez (Lopez) of multiple sex offenses. The trial court sentenced him to a total prison term of 25 years to life. Our court affirmed the judgment. (*People v. Lopez* (June 10, 2019, G055475) [nonpub. opn.].)

In March 2024, Lopez filed a motion to modify and stay restitution fines in excess of $200; he separately filed a petition for resentencing "Pursuant [to] All Applicable Sections of the Penal Code [Sections 1170, 1171, 1172] and Assembly Bill 1540 (2021)." The trial court denied his motion to stay restitution fines, stating since Lopez did not serve the district attorney's office, it was an improper ex parte communication. The court also denied Lopez's petition for resentencing as an ex parte communication and denied both motions on their merits. Lopez appealed each denial separately. We assigned case number G064161 to Lopez's appeal from the denial of his request for resentencing and case number G064206 to his appeal from the denial of his request to stay restitution fines. The appeals were later consolidated on the court's own motion for all purposes.

Counsel for Lopez filed briefs pursuant to the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel notified the court that he reviewed the record in the case and found no arguable issues. While not arguing against his client, counsel set forth the facts of the case and asked this court to conduct its own independent review of the appellate record, which we have done. Counsel advised Lopez that briefs were filed on his behalf in accordance with the procedures in *Delgadillo*, that he could file supplemental briefs of his own, and that if he did not, the appeals would likely be dismissed. This court also notified Lopez he could file supplemental briefs and that if he did not, the appeals may be dismissed as abandoned.

2

Lopez did not file a supplemental brief in either appeal. We nonetheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) After reviewing the entire record de novo, we dismiss the appeal as to the trial court's denial of Lopez's motion to stay the restitution fines and affirm the postjudgment order as to Lopez's petition for resentencing.

FACTS

In 2017, a jury convicted Lopez of felony violations of sexual intercourse or sodomy with a child 10 years or younger (Pen. Code,[1] § 288.7, subd. (a), count 1), lewd act upon a child under 14 (§ 288, subd. (a), count 2), lewd act upon a child under 14 (§ 288, subd. (a), count 3), and lewd act upon a child under 14 (§ 288, subd. (a), count 4). As to count two, the jury made the additional finding that Lopez had substantial sexual contact with the victim (§ 1203.066, subd. (a)(8)).

The trial court sentenced Lopez to 25 years to life on count one, stayed the sentence on count two pursuant to section 654, and sentenced Lopez to six years on count three and six years on count four with each to run concurrently to count one. The court ordered Lopez to pay a mandatory state restitution fine of $300 pursuant to section 1202.4 and pay restitution to victims in the amount of $9,750. Additionally, the court imposed and suspended a $300 revocation restitution fine pursuant to section 1202.45.

After Lopez began to serve his sentence, he filed two motions. One was to "modify and stay restitution fines imposed on [him] in excess of $200.00 in violation of the Eighth Amendment . . . ." In the motion, Lopez argued he was not afforded the opportunity to have a hearing to determine

_____

[1] All further statutory references are to the Penal Code.

his ability to pay. Lopez did not serve the motion on the district attorney's office.

Lopez's second motion was a "Petition for Resentencing Pursuant [to] All Applicable Sections of Penal Code § 1170, § 1171, § 1172, and Assembly Bill 1540 (2021)." Lopez did not serve the petition on the district attorney's office.

The trial court denied both motions.

## DISCUSSION

We conducted an independent review of the record and have found no arguable issues. The trial court did not have jurisdiction to modify Lopez's restitution fines. (*People v. Jinkins* (2020) 58 Cal.App.5th 707, 712.) As such, its denial is not an appealable order. (*Ibid.*) And sections 1170, 1171, and 1172, under which Lopez sought resentencing, do not afford him the relief he seeks.

## DISPOSITION

The appeal in case number G064206 is dismissed. The postjudgment order in case number G064161 is affirmed.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


SCOTT, J.

4